IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ERIN W. HALL, CHRISTOPHER L. HALL, *Plaintiffs*, v. ELMER LASSITER, PARKERS TRANSPORT SERVICES, INC., ANTHONY HARVEY, DENNIS EARL HAWKINS (D.B.A. HEAVY D'S TRUCKING), *Defendants*. | 3:16-CV-00061 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

This action stems from a car accident that occurred on June 7, 2013. Plaintiffs allege that Defendant Lassiter's tractor-trailer struck Defendant Harvey's tractor-trailer, causing an accident between Harvey's truck and Plaintiffs' vehicle. Plaintiffs allege personal injury as a result of the accident. Defendants Parkers Transportation Service ("Parkers") and Heavy D's Trucking ("Hawkins")[1] were the employers of Lassiter and Harvey, respectively, and are being sued under a theory of *respondeat superior*.

All four defendants have filed motions to dismiss under Rule 12(b)(6) based on a statute of limitations defense. The parties agree that Plaintiffs' claims were brought outside of the applicable two year limitations period, but there is controversy about whether Virginia Code § 38.2-2206(G) ("Subsection (G)") tolled the statute of limitations for all Defendants when Plaintiffs filed a John Doe complaint in state court within the limitations period. Additionally, Defendants Lassiter and Parkers argue that Plaintiffs have failed to adequately state a claim

---

[1] Dennis Earl Hawkins does business as Heavy D's Trucking. He is the named defendant in the case and this opinion will use "Hawkins" to refer to the employer of Harvey throughout.

1

against them. Harvey asserts his own statute of limitations theory under Federal Rule of Civil Procedure 15(c)(3)(C).

The Court concludes that Subsection (G) tolled the statute of limitations against all Defendants, and no claims are facially time barred. Further, Plaintiffs did not fail to state a claim against Defendants Lassiter and Parkers. Thus, the motions to dismiss will be denied.

## I. Background

On June 7, 2013, Plaintiffs were travelling south on Interstate 95 in an automobile operated by Christopher Hall when that vehicle became involved in an auto accident. (Dkt. 1-1 at 5). Plaintiffs allege the tractor-trailer operated by Lassiter struck the tractor-trailer driven by Harvey, causing the collision between Harvey's vehicle and their car. (*Id*. at 6). At the time of the accident, Lassiter was employed by Parkers, while Harvey was employed by Hawkins. (*Id.*).

On January 21, 2015, Plaintiff Christopher Hall filed a personal injury complaint related to the auto accident in the Circuit Court of the City of Charlottesville styled "*Christopher Hall v. John Doe*," while Plaintiff Erin Hall filed a nearly identical complaint on June 5, 2015 in the same court. (Motion to Dismiss Exhibit 1, *Christopher Hall v. John Doe*, 3:16-CV-00060 (W.D.Va. 2015) (No. 4-1) [hereinafter "Csl. Dkt. 4-1 at 1"]; Dkt. 4-1).[2] These complaints ("John Doe complaints") were filed within the two-year statute of limitations for personal injury actions under Virginia Code § 8.01-243(A). They both alleged that a single vehicle operated by John Doe "crashed into the rear of the plaintiff's vehicle, causing plaintiff's vehicle to crash into three other vehicles before coming to a stop." (Dkt. 4-1 at 1).

On June 7 (Erin) and June 17, 2016 (Christopher), Plaintiffs filed complaints in the Circuit Court of the City of Charlottesville naming all four of the current defendants. (Dkt 1-1;

---

[2] For simplicity, the now-consolidated docket from Christopher Hall's case is cited only when the facts of Christopher's case differ from those of Erin's.

Csl. Dkt. 1-1). In those complaints, the Halls alleged that their claims were pursuant to Subsection (G), which reads in relevant part: "The bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing an action against the owner or operator who caused the injury or damages until his identity becomes known." Virginia Code § 38.2-2206(G); (Dkt 1-1 at 6). The parties do not contest that these complaints would have been outside of the limitations period absent the application of Subsection (G).

Both cases were removed to the Eastern District of Virginia on July 28, 2016 on the basis of diversity jurisdiction. (Dkt. 1). The Halls are citizens of Virginia, while all four defendants are citizens of North Carolina. (Dkt. 1-1 at 1). On August 10, 2016, the cases were transferred to the Western District of Virginia on the basis that the proper venue for a case upon removal is the district in which the state court is located. (Dkt. 14). On August 23, 2016, the two cases were consolidated. (Dkt. 29).

All defendants have filed motions to dismiss on statute of limitations grounds. (Dkts. 3, 11, 17). Defendants Lassiter and Parker have also argued that Plaintiffs have failed to state a claim against them because Plaintiffs did not adequately alleged that actions of Lassiter caused their injuries.

## II.     Standard of Review

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A statute of limitations "is an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." *Dickinson v. Univ. of N. Carolina*, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). However, "the burden of proving an affirmative defense rests with a defendant," and in order for a defendant to succeed on a statute of limitations 12(b)(6) defense, "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" *Id*. (quoting *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007).

### III. Legal Analysis

#### a. Consideration of Prior Pleadings in Rule 12(b)(6) Motion

The contents of the John Doe complaints are integral to resolving these motions. Defendants' main argument — that the complaints implicated only a single wrongdoer — cannot be evaluated without looking to contents of the prior complaints. Defendants Lassiter and Parkers also attached the John Doe complaints as an Exhibit to their 12(b)(6) motion. However, Plaintiffs argue that this Court is unable to consider the contents of the John Doe complaints in a 12(b)(6) motion because they were not part of their pleadings.

The case law is clear that this Court may consider the John Doe complaints in cases such as this one. The Fourth Circuit has held that "when a defendant attaches a document to its motion

Case 3:16-cv-00061-NKM-JCH   Document 48   Filed 11/23/16   Page 4 of 11   Pageid#: 453

to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted). This District has ruled similarly in several instances. *See, e.g., Bowman v. Vantium Capital, Inc.*, No. 4:13-CV-00063, 2014 WL 109463 at *5 (W.D. Va. Jan. 13, 2014) ("[W]hen a defendant presents exhibits that clearly demonstrate a defense's validity, the plaintiff herself has made those exhibits central to the dispute, and the exhibits are evidently authentic, courts may rely on those documents in granting a motion to dismiss." Internal quotation marks omitted); *Luther v. Wells Fargo Bank, N.A.*, No. 4:13CV00072, 2014 WL 1820062 at *2 (W.D. Va. May 7, 2014), *vacated* (May 12, 2014) ("In considering a motion to dismiss under Rule 12(b)(6) the court may consider the complaint, any documents attached to it, as well as documents submitted by the defendants if such documents are integral to and explicitly relied on in the complaint and if the plaintiff[ ] do[es] not challenge its authenticity." internal quotation marks omitted).

The prior John Doe complaints here are "integral to and specifically relied on in the complaint." *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d at 234. Plaintiffs rely entirely on the presence of the John Doe complaints in making their dispositive tolling argument. Therefore, this Court may review the contents of these prior pleadings relied upon by Plaintiffs.

If the John Doe complaints are considered, the statute of limitations issue is ripe for adjudication at the 12(b)(6) stage. All of the facts necessary to evaluate a statute of limitations defense here are "clearly appear on the face of the complaint." *See Goodman*, 494 F.3d at 464. The only contested issues are purely legal ones apparent in the Plaintiffs' complaints – namely,

5

the interpretation of Subsection (G). If Plaintiffs are incorrect in their legal interpretation of the Subsection (G), then the facts of their own complaints indicate that they have failed to make a timely claim against certain defendants. Contrary to Plaintiffs' assertions, therefore, the Court may decide on this statute of limitations dispute at the 12(b)(6) stage.

### b. Interpretation of Virginia Code § 38.2-2206(G)

Plaintiffs and Defendants disagree whether Subsection (G) tolled claims against all defendants or only the single defendant described in the John Doe complaints. Subsection (G) reads in relevant part:

> The bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing an action against the owner or operator who caused the injury or damages until his identity becomes known.

Va. Code § 38.2-2206(G) (emphasis added).

Under Subsection (G), Plaintiffs contend that the statute of limitations was tolled for all defendants upon the filing of the John Doe complaints in 2015. Plaintiffs interpret Subsection (G) to mean that each defendant in this litigation falls under the purview of the statute as "the owner or operator who caused the injury or damages." Defendants, on the other hand argue for a narrower interpretation of Subsection (G) such that the only party for which the statute of limitations is tolled is the owner or operator that was actually proceeded against in the John Doe complaint. Under this reading, had Plaintiffs wished to toll the statute of limitations against all the defendants, they should have filed a John Doe complaint or complaints implicating the acts and presence of each of the four defendants.

There are no cases directly addressing the issue of whether multiple defendants can be implicated by a single John Doe complaint under Subsection (G). Moreover, those cases interpreting Subsection (G) offer a mixed bag in terms of their applicability. Two cases applying

6

the specific John Doe provision of Subsection (G) allowed claims against named defendants outside of the normal statute of limitations *in addition to* the claims against John Doe within the statute of limitations. *See Page v. Doe*, 53 Va. Cir. 173 (2000); *Porter v. Boiteau*, 71 Va. Cir. 30 (2006). However, despite this posture, both of these cases essentially amounted to a one-for-one substitution of a named defendant for a John Doe.

The plain text of Subsection (G) supports Plaintiffs' interpretation. The only requirement to toll the statute of limitations "against the owner or operator who caused the injury or damages until his identity becomes known" is that the plaintiff bring "an action against an unknown owner or operator as John Doe." Va. Code § 38.2-2206(G). Here, all four defendants may be considered as owners or operators who caused injury or damages, based on the allegations of the complaint. Additionally, Plaintiffs fulfilled the only express requirement of the Subsection (G) by bringing a John Doe action within the statutory period. Thus, Plaintiffs' actions fit within the plain text of the statute.

Conversely, Defendants' interpretation of the statute requires this Court to read in requirements that are simply not found in the statute. Defendants argue that the John Doe complaint only tolls the statute of limitations against parties whose identity and presence can be inferred from the text of the John Doe complaint. However, nothing in the text of Subsection (G) mandates such a requirement. Similarly, nothing in the statute says that a single John Doe complaint cannot toll the statute of limitations against multiple defendants. The statute is silent as to the required contents of a John Doe complaint; it only mandates that such a complaint be brought if the statute of limitations is to be tolled.

Further, "[t]he Uninsured Motorist Law was enacted for the benefit of injured persons, is remedial in nature, and is liberally construed so that the purpose intended may be accomplished."

7

*Grossman v. Glens Falls Ins. Co.*, 211 Va. 195, 197 (1970); *see also Cunningham v. Ins. Co. of N. Am.*, 213 Va. 72, 77 (1972) ("The purpose of uninsured motorist insurance is to provide compensation to the innocent victim of the uninsured motorist."); *Harleysville Mut. Ins. Co. v. Nationwide Mut. Ins. Co.*, 789 F.2d 272, 274 (4th Cir. 1986). The statute would not be "liberally construed" if this Court interpreted Subsection (G) to contain subtle and implicit pleading requirements that are not apparent from the face of the statute and that serve to procedurally bar certain accident victims from obtaining full compensation for their injuries. In an uninsured motorist accident, it is plausible that victims would be unaware that multiple parties were involved, or that they were serving a master. Thus, the purpose of the Uninsured Motorist Law supports a broader reading of Subsection (G) to benefit accident victims and not hinder them in their efforts to be compensated for their injuries.

Finally, Defendants argue that a broader interpretation of Subsection (G) would go against the purposes and protections of the two-year statute of limitations under Virginia Code § 8.01-243(A). For instance, Defendants Lassiter and Parkers might be unfairly surprised by a suit that was brought more than two years after an accident, and that was based on a John Doe complaint in which they were not even mentioned. However, this surprise would result regardless of whether a party was implicated in the John Doe complaint. By its very nature, a John Doe complaint does not give notice to any parties that the statute of limitations may be tolled against them. Even under the narrowest interpretation of the provision, Subsection (G) enables claims to be brought against parties who may have justifiably believed that they had escaped liability. Harvey, for example, was unequivocally implicated by the John Doe complaints in this case, but had no greater reason to know that he would be subject to litigation after the normal limitations period had elapsed than any other defendant. Thus, any inequity that

8

Case 3:16-cv-00061-NKM-JCH   Document 48   Filed 11/23/16   Page 8 of 11   Pageid#: 457

results from unexpected litigation results from the statute itself and not from one interpretation or another. Therefore, this argument cannot serve as a basis for differentiating between the two interpretations.

Construing the Subsection (G) liberally (*see Grossman v. Glens Falls Ins. Co.*, 211 Va. 195, 197 (1970)) the Court finds that it tolls the statute of limitations against any "owner or operator who caused the injury or damages" regardless of whether they were personally implicated in the prior John Doe complaint. Such an interpretation fits within the plain text of the statute, furthers the victim-compensation purposes of the Uninsured Motorist Act, and does not conflict with the purposes of a statute of limitations. Accordingly, Defendants' motions to dismiss on statute of limitations grounds will be denied.

### c. Failure to State a Claim

Defendants Lassiter and Parker also argue that Plaintiffs have failed to adequately state a claim against them because the complaint did not allege facts indicating how Lassiter's actions led to Plaintiffs' injuries. The purpose of a pleading is to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court finds that Plaintiffs adequately stated claims against both Lassiter and Parker.

The complaint alleges that a "vehicle operated by defendant Harvey crashed into the rear of the plaintiffs vehicle." (Dkt. 1-1 at 6). Further, "at or about that time and at that place [Harvey crashing into Plaintiffs], the tractor-trailer operated by defendant Lassiter struck the tractor-trailer operated by defendant Harvey." (*Id*.). Finally, the complaint alleges that "[t]he above-

9

described collision [Harvey crashing into Plaintiffs] was directly and proximately caused by carelessness, recklessness and negligence in the operation of their vehicle by defendants Elmer Lassiter and Parkers Transport Services, Inc." (*Id*.). Thus, the complaint states that: (1) Lassiter struck Harvey, (2) negligently, (3) at or about the time Harvey struck Plaintiff, (4) which caused the auto accident and resulting injuries.

Such allegations satisfy the pleading requirements under *Twombly* and *Iqbal*. It can be fairly inferred from the complaint that Lassiter struck Harvey, causally contributing to the auto accident at issue in this case. Lassiter's truck negligently striking Harvey's around the time that the accident occurred presents a plausible factual scenario in which Lassiter is liable for Plaintiffs' injuries. Further, Lassiter and Parkers have been given fair notice as to the basis of their potential liability by this pleading. Additional facts might have certainly supplemented the pleading by describing the precise manner in which Lassiter struck Harvey, or how that collision contributed to the accident, but the allegations as currently written are nonetheless sufficient.

### d. Harvey's Motion to Dismiss

Claims against Harvey should likewise not be dismissed. Unlike the other three defendants, Harvey was clearly the party that the John Doe complaint was brought against. Therefore, Subsection (G) is applicable to Harvey even under a restrictive reading of the statute. There is nothing in the present complaints to show that Subsection (G) ceased tolling before the bringing of the complaints against Harvey, so this Court cannot find that Plaintiffs' claims against Harvey are time barred.

Harvey's motion to dismiss argues that John Doe complaints cannot be used to allow relation back under Federal Rule of Civil Procedure 15(c). This argument misses the mark because Plaintiffs are not seeking relation back. Instead, Plaintiffs are arguing the tolling of the

10

statute of limitations under Subsection (G), which Harvey did not argue in his motion to dismiss.

Harvey also claims his identity became known to the Plaintiffs at some point, which would have ended the tolling of the limitations period under Subsection (G). This argument is not suitable for resolution at the 12(b)(6) stage as it is would require a determination of a disputed fact not found in Plaintiffs' complaints. Accordingly, Harvey's claim may not be dismissed on this ground.

## IV. Conclusion

Defendants' motions to dismiss will be denied. Plaintiffs' claims are not necessarily time barred because Virginia Code § 38.2-2206(G) could have served to toll the statute of limitations for all defendants after the filing of the John Doe complaints. Further, Plaintiffs have adequately stated a claim with respect to all Defendants. Thus, all motions to dismiss will be denied. An appropriate order will issue.

Entered: November 23, 2016

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE